962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lauren A. COTY, as surviving parent of Mark L. Coty,
deceased; and Lauren A. Coty, as special
administratrix of the estate of Mark L.
Coty Plaintiff-Appellant,
v.
Greg LUBBE; Washoe County, a political subdivision of the
State of Nevada; Washoe County Sheriffs
Department, an agency of Washoe County;
and Does 1-V, Inclusive
Defendants-Appellees.
 No. 90-16561.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 17, 1992.
Decided May 5, 1992.
 
 Before CHAMBERS, TANG and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lauren Coty, surviving parent of decedent Mark Coty, appeals the district court's dismissal for failure to state a claim of her 42 U.S.C. § 1983 civil rights action for damages against Washoe County and Washoe County police officer Greg Lubbe. Mark Coty was killed in an auto collision with a drunk driver, who, earlier in the evening, had failed a breathalyzer test after being pulled over by officer Lubbe. Lubbe cited the driver for speeding but failed to either charge him with drunken driving or place him under arrest. The trial court held that a police officer owes no duty to the general public that will support section 1983 liability resulting from his failure to act. We affirm.
 
 
 3
 A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law and as such is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990).
 
 
 4
 Courts have consistently found that negligent acts by a state official causing unintended loss of or injury to life, liberty or property do not implicate the due process clause. Daniels v. Williams, 474 U.S. 327, 332-33 (1986). Further, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 197 (1989).
 
 
 5
 Plaintiff Coty argues that under Nev.Rev.Stat. § 484.795 Greg Lubbe had an affirmative duty to arrest the drunk driver. Coty further argues that Lubbe's failure to act thus triggered the chain of events that led to Mark Coty's death. The Ninth Circuit has previously held that the government could not be held liable if it had no duty to control the actions of the defendant. See Louie v. United States, 776 F.2d 819, 825-26 (9th Cir.1985) (under Washington state law, state officials who observed an intoxicated individual enter his residence after being arrested for driving while intoxicated, owed no duty to motorist subsequently killed in an automobile collision with a vehicle driven by the intoxicated individual).
 
 
 6
 We affirm the district court's dismissal for failure to state a claim.
 
 PREGERSON, Circuit Judge, dissenting:
 
 7
 I respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3